WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gene Edward Scott, II,<br><br>    Plaintiff,<br><br>v.<br><br>Kamala Harris,<br><br>    Defendant. | No. CV-23-02177-PHX-JAT<br><br>**ORDER** |

Plaintiff filed this case against Vice President Harris on October 19, 2023. Plaintiff did not pay the filing fee, instead moving to proceed in forma pauperis. Prior to allowing an in forma pauperis complaint to be served, the Court will screen it.

**28 U.S.C. § 1915(e)(2)**
Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. "[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to

harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). *Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

Here, the total allegations of the Complaint are: "Plaintiff requests copyrights and license for reflectorized traffic signal gloves for drivers (vehicle operators) who don't have working tail lights.  Plaintiff requests $50 million but tax free but (sic) to manufacture and advertise and market for the gloves."  (Doc. 1 at 4).

This case is fails to state a claim on which relief may be granted because the Vice President of the United States does not issue copyrights or licenses. *See* www.uspto.gov/ip-policy/copyright-policy/copyright-basics#:~:text=%E2%80%9Cnational%20treatment.%E2%80%9D-,U.S.%20Copyright%20Office,wide%20range%20of%20copyright%20issues (last visited October 27, 2023).  Nor does that office distribute funds to people to build prototypes. *See* www.usa.gov/federal-budget-process (last visited October 27, 2023).  Accordingly, this case will be dismissed.

Generally, when a Court dismisses a complaint under Rule 12(b)(6) it must sua sponte grant Plaintiff leave to amend unless the Court concludes that amendment would be futile. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)).  In other words, futility alone justifies denying leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995).

Here, there are no additional fact that could be pleaded by Plaintiff to create a legal cause of action against Vice President Harris.  Accordingly, the Court will not sua sponte grant leave to amend.

Since filing his complaint, Plaintiff has filed a document titled "motion to dismiss." However, it appears Plaintiff is not seeking to voluntarily dismiss this case, but instead is seeking judgment in his favor under Federal Rule of Civil Procedure 56.  For the foregoing reasons, the relief sought by Plaintiff is denied.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's application for leave to proceed in forma pauperis

1. (Doc. 2) is granted.

2. **IT IS FURTHER ORDERED** that, upon screening, this case is dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

3. **IT IS FINALLY ORDERED** that Plaintiff's "motion to dismiss" (Doc. 5) is denied.

Dated this 30th day of October, 2023.

*James A. Teilborg*
Senior United States District Judge